UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00701-RGK-PD | Date | January 31, 2024 |
|---|---|---|---|
| Title | *Gracie Lozano v. Albertson's LLC* | | |

Present: The Honorable  R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy [DE 1]

On December 14, 2023, Gracie Lozano ("Plaintiff") filed a Complaint against Albertson's LLC ("Defendant") in Los Angeles County Superior Court alleging wrongful termination and violations of state wage and hour laws. On January 25, 2024, Defendant timely removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff seeks damages for lost wages, emotional distress, statutory penalties, punitive damages, and attorneys' fees. In support of the removal, Defendant calculates that based on Plaintiff's hourly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00701-RGK-PD | Date | January 31, 2024 |
|---|---|---|---|
| Title | *Gracie Lozano v. Albertson's LLC* | | |

wage, and assuming she has not obtained subsequent employment, her lost wages from the date of termination to the date of removal amount to $30,268.80. Defendant then adds on $43,721.60 for loss of future wages accruing during litigation, $14,000 in civil penalties, and $16,395.60 in premium pay for denied lunch breaks, for a total of $104,386. Defendant also asserts without stating any specific amounts that punitive damages and attorneys' fees could each exceed $75,000.

Defendant, however, fails to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Defendant grossly overestimates the premium pay by assuming that Plaintiff was denied lunch breaks every workday for three years. The Complaint states that Plaintiff was instructed to skip lunch breaks once or twice per month starting May 2022, one year before her termination. Assuming she skipped two lunch breaks each month for one year, the premium pay would be $504.48. The Court adds this amount to the lost wages of $30,268.80 to arrive at $30,773.28.

With $30,773.28 as a starting point and no supporting evidence for the other forms of damages requested, the amount in controversy falls short of the statutory minimum. With respect to loss of future wages, Defendant provides nothing to support its speculation that Plaintiff could be entitled to recovery of one year's worth of wages. With respect to emotional distress, punitive damages, and attorneys' fees, Defendant improperly relies on unrelated cases involving different facts.[1]

For the foregoing reasons, Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. The Court is skeptical that Defendant can prove by a preponderance of evidence that this requirement is met. Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be submitted within **six days of this Order's issuance.**

**IT IS SO ORDERED.**

---

[1] District courts within the Ninth Circuit are split on whether to include prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00701-RGK-PD | Date | January 31, 2024 |
|---|---|---|---|
| Title | *Gracie Lozano v. Albertson's LLC* | | |

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |