UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-00701-RGK-PD | Date | February 7, 2024 |
|---|---|---|---|
| Title | *Gracie Lozano v. Albertson's LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Joseph Remigio (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On December 14, 2023, Gracie Lozano ("Plaintiff") sued Albertson's LLC ("Defendant") in state court, alleging wrongful termination and violations of state wage and hour laws. Defendant removed the action to this Court on the basis of diversity jurisdiction. Upon reviewing Defendant's notice of removal, the Court issued an Order to Show Cause as to whether the amount in controversy requirement was met. (ECF No. 12.) Defendant has filed its Response. (ECF No. 13.)

Having considered the Response, the Court finds that Defendant failed to satisfy its burden of showing that the amount in controversy requirement was met. Starting with $30,268.80 in lost wages, Defendant asserts that the Court must add on (1) $21,860.80 in future loss of wages, (2) $25,000 in emotional distress damages, (3) $50,000 in punitive damages, (4) $10,000 in civil penalties, (5) $3,026.88 in prejudgment interest, and (6) $20,000 in attorneys' fees, to arrive at an amount in controversy of $160,156.48. The Court disagrees.

As indicated in the Order to Show Cause, the amounts for future loss of wages, emotional distress damages, and punitive damages are speculative, at best. Defendant offers little to no evidence to suggest that Plaintiff would be entitled to such damages based on the length of a potential trial or that her emotional distress damages or punitive damages would reach a certain threshold. Defendant also fails to support these amounts with citations to cases that are factually analogous to the instant action. Accordingly, the Court declines to include these amounts in the amount in controversy.

As for the prejudgment interest, Defendant provides no authority on why this amount should be included. In a wrongful termination suit, prejudgment interest is not recoverable where the amount for lost wages is "not readily ascertainable" on the date of termination. *Navarro v. DHL Glob. Forwarding*, 2017 WL 11647704, at *2 (C.D. Cal. Dec. 22, 2017). Defendant admits that it cannot determine Plaintiff's lost wages because it does not know whether or when Plaintiff was hired by another employer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00701-RGK-PD | Date | February 7, 2024 |
|---|---|---|---|
| Title | *Gracie Lozano v. Albertson's LLC* | | |

after her termination. Accordingly, the Court declines to include prejudgment interest in the amount in controversy.

In conclusion, Defendant failed to establish by a preponderance of the evidence the amounts for future loss of wages, emotional distress damages, punitive damages, and prejudgment interest. The remaining amounts of $30,268.80 in lost wages, $10,000 in civil penalties, and $20,000 in attorneys' fees sum up to only $60,268.80, short of the amount in controversy required for diversity jurisdiction. Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles Superior Court, 23STCV30577

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/dc |